# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

VONDELERE B. WHITE,

       Plaintiff,                      :        Case No. 3:11-cv-300

                                      District Judge Walter H. Rice
   -vs-                              Magistrate Judge Michael J. Newman

                                 :

CURTIS WHITE,  JUDITH A. KING,
and ERIN SCANLON,

       Defendants.

---

## REPORT AND RECOMMENDATION, AND ORDER TO THE CLERK OF COURT

---

This *pro se* action is before the Court for review prior to issuance of process.  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2) reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim upon which relief can be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992).  In deciding whether a complaint is "frivolous," the Court

does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather, the test is an objective one: does the complaint have an arguable basis in law or fact? *Neitzke v. Williams*, 490 U.S. 319, 323-324 (1989).

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

Plaintiff brings this *pro se* action against Curtis White, the Honorable Judith A. King, and the Honorable Erin Scanlon. According to the Complaint and the documents attached thereto, the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations entered a divorce decree between Plaintiff and Defendant Curtis White in 1979 (Case No. 79-DR-969). (Complaint, Doc. No. 2, PageID 160; Doc. No. 2, Attachment 1, PageID 204). In addition to naming her former husband as a Defendant, Plaintiff also names Judge Judith A. King of the Common Pleas Court of Montgomery County and Magistrate Erin Scanlon of the Ohio Second District Court of Appeals as Defendants for their roles in adjudicating the underlying domestic relations action and subsequent appeals[1] stemming from the original action. (Complaint at PageID 161, 167).

Although Plaintiff does not separately list and number her claims for relief, the Court gathers

---

[1] Plaintiff appealed the domestic relations court's denial of her motion asking that court to allocate her a portion of her former husband's pension benefits in *White v. White*, 2011 Ohio 2434 (Ohio Ct. App. 2011). In denying Petitioner's claim, the Ohio Second District Court of Appeals noted that Plaintiff has appealed to that court a total of six times since her divorce decree was entered in July 1979.

from her 12-page narrative that she is alleging the following claims: (1) the divorce decree entered by the Common Pleas Court of Montgomery County in 1979 is invalid; (2) Plaintiff and Curtis White entered into a common law marriage shortly after the entry of the divorce decree in 1979; (3) the Common Pleas Court of Montgomery County and the Ohio Second District Court of Appeals erred in denying her motions to allocate to her a portion of Curtis White's pension benefits; and (4) Plaintiff is being deprived of a portion of Curtis White's pension benefits which have been distributed to him since 1998 from a retirement plan administered in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). (*Id*. at PageID 162-173). In addition to seeking $30 million in damages for "all of the years [Plaintiff has] been stepped on by the Defendants, and [is] still being stepped on," Plaintiff has asked this Court to vacate the divorce decree entered by the Common Pleas Court of Montgomery County in 1979 and sign a Qualified Domestic Relations Order (QDRO) to supersede both the Common Pleas Court of Montgomery County's and Ohio Second District Court of Appeals' prior rulings on the issue. (*Id*. at PageID 172, 173).

In its present form, Plaintiff's Complaint fails under §1915(e)(2)(B) on several grounds. First, this Court does not have jurisdiction to review domestic relations matters arising out of state court. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Thus, this Court is without authority to modify Plaintiff's divorce decree or make any findings regarding the QDRO that the Montgomery County Circuit Court signed and vacated as alleged in the *pro se* Complaint. (Complaint at PageID 162-163). Second, this Court does not have jurisdiction to grant monetary relief against persons who have absolute judicial immunity, which would apply to the domestic relations judge and appellate court magistrate named as Defendants. *Carlton v. Baird*, 72 Fed. Appx. 367, 368 (6th Cir. 2003). Finally, to the extent Plaintiff has any claim that she was wrongfully deprived benefits under a plan

3

administered by ERISA, the Complaint does not name as a Defendant any plan, plan administrator, fiduciary, insurer, employer, or plan service provider as ERISA contemplates. *See*, *e.g.*, *Harris Trust & Sav. Bank v. Salomon Smith Barney*, 530 U.S. 238, 246-247 (2000).

In its present form, the *pro se* Complaint therefore fails under 28 U.S.C. §1915(e)(2)(B) and should be dismissed without prejudice.

## CONCLUSION

It is therefore **RECOMMENDED** that the Complaint be dismissed without prejudice.

The Clerk is therefore ordered **NOT** to issue process in this case.

September 1, 2011  s/ **Michael J. Newman**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).